**Date Signed:**
**January 19, 2016**



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>PAUL KEVIN McCARTHY,<br><br>    Debtor. | Case No. 14-01634<br>Chapter 7 |
| PAUL KEVIN McCARTHY,<br><br>    Plaintiff,<br><br>vs.<br><br>GERALD W. SCATENA dba<br>PACIFIC STATES LEGAL GROUP,<br><br>    Defendant. | Adv. Pro. No. 15-90024 |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The trial of this adversary proceeding was held on November 23, 2015, and January 12, 2016. W. Richard Abelmann represented plaintiff and Michael F. O'Connor represented defendant.

Based on the evidence, I make the following

# FINDINGS OF FACT:

Defendant Gerald Scatena is an attorney who represented plaintiff Paul McCarthy in certain pre-bankruptcy litigation. Mr. McCarthy paid some but not all of Mr. Scatena's legal fees; the unpaid balance was $7,880.83 as of November 1, 2014.

On December 12, 2014, Mr. McCarthy filed a petition for chapter 7 bankruptcy protection. Mr. Scatena received proper notice of the chapter 7 filing soon thereafter.

Mr. Scatena immediately instructed his office manager/paralegal, Evone Albritton, to stop sending monthly bills to Mr. McCarthy. Ms. Albritton promptly relayed this instruction to Carol Jossy, an independent contractor who provided bookkeeping and billing services to Mr. Scatena. Based on this instruction, Ms. Jossy added Mr. McCarthy's name to a hand-written "do not mail" list of clients to whom bills were not to be sent. When Ms. Jossy printed Mr. Scatena's computerized bills for January and February 2015, she removed Mr. McCarthy's bills from the stack and did not mail those bills to Mr. McCarthy.

In March 2015, Ms. Jossy decided to rewrite the do not mail list. She inadvertently failed to include Mr. McCarthy's name on the do not mail list. As a result, she did not remove Mr. McCarthy's March 2015 bill from the stack of printed bills and instead mailed it to Mr. McCarthy.

Mr. McCarthy received in the mail from Mr. Scatena a bill, dated March 31,

U.S. Bankruptcy Court - Hawaii   #15-90024   Dkt # 53   Filed 01/19/16   Page 2 of 10

2015, but postmarked April 15, 2015, in the amount of $7,464.93.

Mr. McCarthy was surprised, shocked, and frightened. He called his attorney but was unable to reach him immediately. His attorney then sent a letter, dated April 21, 2015, to Mr. Scatena, reminding him of the pendency of Mr. McCarthy's bankruptcy case, demanding that Mr. Scatena cease all attempts to collect the debt, and requesting that all further communications be directed to counsel.

Mr. Scatena made no further effort to collect the debt, but did not withdraw the bill dated March 31, 2015.

On April 24, 2015, this court issued Mr. McCarthy's discharge in bankruptcy.

Mr. McCarthy testified that, prior to his bankruptcy, his financial difficulties and the loss of a lawsuit were stressful, and that his bankruptcy filing gave him an immediate sense of relief, but that the receipt of the bill from Mr. Scatena shattered his repose. He testified that, even today, he suffers stress and anxiety because of the bill.

I find that Mr. McCarthy's stress and anxiety are not entirely, or even mostly, attributable to the single bill that he received from Mr. Scatena. His pre-bankruptcy difficulties were undoubtedly stressful. It is not plausible that his stress and anxiety completely disappeared when he filed his bankruptcy petition and returned with a vengeance simply because he received Mr. Scatena's bill. Also, he testified at trial that he has difficulty obtaining timely medical care because he is still destitute, and that

U.S. Bankruptcy Court - Hawaii    #15-90024    Dkt # 53    Filed 01/19/16    Page 3 of 10

problem must provoke considerable stress and anxiety. I do not doubt that Mr. McCarthy's life is difficult, but I do not believe that Mr. Scatena's letter contributed significantly to his emotional issues. For the same reason, I find that Mr. McCarthy did not prove that he incurred any medical expenses as a direct result of Mr. Scatena's conduct.

Mr. McCarthy testified that his emotional distress caused by Mr. Scatena's bill continues today. I do not credit this testimony. It is not plausible that Mr. McCarthy is still afraid, despite his attorney's advice, the discontinuance of Mr. Scatena's collection efforts, and this court's intervention, that Mr. Scatena might attempt again to collect a discharged debt.

Mr. McCarthy proved with reasonable certainty that he suffered damages in the amount of $102.50, consisting of expenses he incurred in communicating with his attorney about Mr. Scatena's bill, plus reasonable attorneys' fees and costs.

Mr. McCarthy did not prove that Mr. Scatena engaged in egregious, intentional misconduct or that Mr. Scatena acted with reckless or callous disregard for the law or the rights of others.

Based on these findings of fact, I draw the following

4

U.S. Bankruptcy Court - Hawaii    #15-90024    Dkt # 53    Filed 01/19/16    Page 4 of 10

# CONCLUSIONS OF LAW

## I. Jurisdiction

The court has personal jurisdiction over the parties and jurisdiction of the subject matter. The bankruptcy court has statutory and constitutional power to enter a final judgment. Venue is proper in this district.

## II. Stay Violation

*Automatic Stay.*. Section 362 of the Bankruptcy Code provides for an automatic stay upon the filing of a bankruptcy petition.[1] Section 362 provides, in pertinent part, an automatic stay, "applicable to all entities, of . . . (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title."[2] This section prohibits even informal efforts to collect debts, such as dunning letters.[3]

Section 362(k)(1) provides a damage remedy for an injury by violation of the stay providing that, "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.[4]

---

[1] 11 U.S.C. §362(a).

[2] 11 U.S.C. §362(a)(6).

[3] *See, e.g., In re Weidner*, 384 B.R. 9, 12 (Bankr. D. Alaska 2008).

[4] 11 U.S.C. §362(k)(1).

U.S. Bankruptcy Court - Hawaii   #15-90024   Dkt # 53   Filed 01/19/16   Page 5 of 10

For a debtor to recover under section 362(k)(1) of the Bankruptcy Code, a plaintiff must establish three elements: (1) a violation of the stay, (2) that the violation was willful, and (3) that plaintiff was injured by the violation.[5]

*Violation.* There is no dispute that, by sending the bill to Mr. McCarthy, Mr. Scatena violated section 362(a)(6).[6]

*Willfulness.* The debtor bears the burden of proving that the creditor's actions were willful.[7] To be "willful", the creditor must know of the automatic stay, and its actions that violate the stay must be intentional.[8] A violation can be "willful" even if the creditor did not intend to violate the automatic stay.[9] Simple inadvertance is not a defense to a claim under section 362(k). Creditors must establish administrative safeguards to prevent stay violations and restore the status quo by undoing them.[10]

Mr. Scatena's violation was willful as the Ninth Circuit has defined that term. Mr. Scatena had actual notice of Mr. McCarthy's bankruptcy filing and the automatic

---

[5] *See* 11 U.S.C. §362(k)(1).

[6] 11 U.S.C. §362(a)(6);.

[7] *Eskanos & Adler, P.C. v. Roman (In re Roman)*, 283 B.R. 1, 7–8 (B.A.P. 9th Cir.), *affirmed,* 309 F.3d 1210, 1215 (9th Cir. 2002).

[8] *Eskanos & Adler*, 309 F.3d at 1215.

[9] *In re Goodman*, 991 F.2d 613, 618 (9th Cir. 1993); *In re Peralta*, 317 B.R. 381, 389 (B.A.P. 9th Cir. 2004).

[10] Id.

6

U.S. Bankruptcy Court - Hawaii   #15-90024   Dkt # 53   Filed  01/19/16   Page 6 of 10

stay. Ms. Jossi, who is Mr. Scatena's agent, did not accidentally mail the billing statement to Mr. McCarthy. When she deposited the bill in the mail, she intended the action. Thus, Mr. Scatena willfully violated the automatic stay.

*Injury.* Mr. Scatena's violation inflicted injury on Mr. McCarthy. If nothing else, Mr. McCarthy had to contact his lawyer and have him contact Mr. McCarthy. This is sufficient to establish a right to compensation under section 362(k). (The next section discusses the proper amount of compensation.)

## III. Damages

Mr. McCarthy bears the burden of proving, by a preponderance of the evidence, that he suffered damages as a result of the stay violations.[11] A debtor must establish a claim for actual damages with reasonable certainty; a claim cannot be speculative or based upon conjecture.[12] In determining whether an award for damages is reasonable, the first step is to ascertain whether the creditor or the debtor created the injury.[13]

The automatic stay is an important part of the relief that the Bankruptcy Code affords to deserving debtors. Violations of the stay must not be taken lightly. There is no dispute that Mr. Scatena violated the automatic stay and, although he committed

---

[11] *Dawson v. Washington Mut. Bank, F.A. (In re Dawson)*, 390 F.3d 1139, 1149 (9th Cir. 2004); *Goichman v. Bloom (In re Bloom)*, 875 F.2d 224, 227–28 (9th Cir. 1989).

[12] *Id.*

[13] *In re Roman*, 283 B.R. 1, 12 (B.A.P. 9th Cir. 2002).

7

only one violation and he never intended to violate the stay, he made no effort to mitigate any harm his violation caused.

Nevertheless, Mr. McCarthy has failed to prove his claimed damages, other than attorney's fees and a small amount of out-of-pocket expense, with the requisite degree of certainty and definiteness.

Mr. McCarthy does not claim that he suffered any significant economic loss, such as lost earnings, other than some out-of-pocket expenses. The bulk of his claim is for emotional distress. Such damages are recoverable if the debtor (1) proves that the debtor suffered significant harm, (2) clearly establishes the significant harm, and (3) demonstrates a causal connection between that significant harm and the violation of the automatic stay.[14]

I have found that Mr. McCarthy did not prove that he clearly suffered significant emotional harm as a direct result of Mr. Scatena's violation of the automatic stay.

Mr. McCarthy also seeks punitive damages, which are only awarded "in appropriate circumstances."[15] Punitive damages for violation of the automatic stay are limited to situations where a creditor engaged in "egregious, intentional

---

[14] *In re Snowden*, 769 F.3d 651, 656 (9th Cir. 2014)(citing *In re Dawson*, 390 F.3d at 1149).

[15] 11 U.S.C. § 362(k)(1).

U.S. Bankruptcy Court - Hawaii   #15-90024   Dkt # 53   Filed  01/19/16   Page 8 of 10

misconduct."[16]

Mr. McCarthy has failed to show that any of Mr. Scatena's conduct was egregious and intentional or displayed callous disregard for Mr. McCarthy's legal rights. There is no factual basis for awarding punitive damages.

## IV. Attorney's Fees

All reasonable attorney's fees that an individual debtor incurs in enforcing the automatic stay are recoverable as actual damages under § 362(k)(1), including attorney's fees incurred in prosecuting a stay relief action for damages.[17]

Mr. McCarthy is awarded reasonable attorney's fees and costs as actual damages incurred from prosecuting the stay relief violation.[18]

## V. UDAP Claim

Under HRS § 480-2(a), "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful."[19] A practice is unfair when it offends established public policy and when the practice is

---

[16] *McHenry v. Key Bank (In re McHenry)*, 179 B.R. 165, 168 (B.A.P. 9th Cir. 1995); *see also In re Bloom*, 875 F.2d at 224 (9th Cir. 1989) (observing that the court has "traditionally been reluctant to grant punitive damages absent some showing of reckless or callous disregard for the law or rights of others.").

[17] *In re Schwartz-Tallard*, 803 F.3d 1095, 1101 (9th Cir. 2015).

[18] *See* LBR 7054-2(a) for procedure to obtain an order.

[19] Haw. Rev. Stat. §480-2(a); *Compton v. Countrywide Financial Corp.*, 761 F.3d 1046, 1052 (9th Cir. 2014).

immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.[20] An act is deceptive if it is a material representation, omission, or practice that is likely to mislead consumers action reasonably under the circumstances.[21] Whether the act or practice is unfair is a question of fact determined by applying an objective reasonable person standard.[22]

Mr. Scatena's act of sending a single bill to Mr. McCarthy is a simple mistake that does not amount to a UDAP violation.

## CONCLUSION

Although Mr. Scatena willfully violated the automatic stay, Mr. McCarthy has failed to prove emotional distress damages and punitive damages, therefore those damages are not awarded. Mr. McCarthy is awarded compensatory damages in the amount of $102.50 and attorneys' fees for actual damages in a reasonable amount. For an award of attorney's fees, Mr. McCarthy may file a motion for an order awarding attorney's fees.[23]

## END OF ORDER

---

[20] *Id.*

[21] *In re Gibbs*, 522 B.R. 282, 287-88 (Bankr. D. Haw. 2014).

[22] *Id.*

[23] Local Bankruptcy Rule 7054-2(a).

U.S. Bankruptcy Court - Hawaii   #15-90024   Dkt # 53   Filed  01/19/16   Page 10 of 10